**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| JOE JOHNSON, | | |
| | * | |
| **Plaintiff,** | | |
| | * | |
| v. | | **Case No.: PWG-14-3024** |
| | * | |
| CITIBANK, N.A., | | |
| | * | |
| **Defendant.** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION[1]

After initially filing this case *pro se* in Maryland district court, Plaintiff prayed a jury trial and it was transferred to Maryland circuit court, where the complaint was amended several times. After Plaintiff filed his jury demand, Defendant sought to remove to this Court by filing a notice of removal and providing notice to Plaintiff and the state district court—but not to the circuit court. Plaintiff has moved, *inter alia*, to remand this case to state court on the grounds that there was no case pending in district court to remove after the jury demand was filed. I disagree, and find that although jurisdiction transferred from state district court to circuit court with the filing of the jury demand, the case remained pending and was removable to this court. However, because Defendant did not provide notice to the circuit court (in which the case was pending)

---

[1] This Memorandum Opinion disposes of (1) Plaintiff Joe Johnson's Motion to Strike Defendant's Notice of Removal, or in the Alternative, to Remand Case ("Pl.'s Mot. to Remand"), ECF No. 16, and supporting Memorandum ("Pl.'s Remand Mem."), ECF No. 16-1; Defendant Citibank, N.A.'s Opposition ("Def.'s Remand Opp'n"), ECF No. 19; and Plaintiff's Reply ("Pl.'s Remand Reply"), ECF No. 21; (2) Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("Def.'s Mot. to Dismiss"), ECF No. 13, and supporting Memorandum, ECF No. 13-1; and (3) Plaintiff's Motion for Enlargement of Time ("Pl.'s Mot. to Extend"), ECF No. 15; and Defendant's Response ("Def.'s Extend Resp."), ECF No. 18.

until after Plaintiff amended his complaint to remove all of his federal claims, there was no basis for federal jurisdiction at the time that removal was effected. Accordingly, this case must be remanded to state court.

## I.     BACKGROUND

For purposes of the pending motion, the relevant facts are undisputed and, for the most part, are reflected in court dockets that are judicially noticeable. *See* Fed. R. Evid. 201, 803(8)(A)(i), 902(5).

Plaintiff Joe Johnson initially filed his *pro se* complaint in the District Court for Prince George's County on August 21, 2014, Compl., ECF No. 2, setting forth two counts arising out of alleged billing errors on his credit cards—(I) violation of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666,[2] and (II) defamation—and seeking $2,500 in damages, plus interest, *id.* Defendant Citibank, N.A. ("Citibank") was served with process on September 2, 2014. Notice of Removal ¶ 2, ECF No. 1. Shortly thereafter on September 4, 2014, Johnson filed a nine-count amended complaint ("1st Am. Compl.") setting forth claims not only for (I) FCBA violations and (II) defamation, but also for (III) libel, (IV) "Invasion of Privacy by Intrusion upon Seclusion," (V) "Breach of Statutory Duty," (VI) breach of fiduciary duty, (VII) "Breach of Agreement," (VIII) negligence, and (IX) intentional infliction of emotional distress. 1st Am. Compl., ECF No. 6. Johnson also increased the damages he sought to $11,000 plus interest and demanded a jury trial. 1st Am. Compl. 13. The district court rejected the jury demand because Johnson's claim did not meet the threshold under Md. Code Ann., Cts. & Jud. Proc. § 4-402(e)(1) ("In a

---

[2] Johnson misidentified the relevant FCBA provision as 15 U.S.C. § 1661, but it is clear that the claims he sets forth arise under § 1666 and I will construe his pleadings accordingly. *Compare* 15 U.S.C. § 1661 (a single sentence relating to "Catalogs and multiple-page advertisements"), *with* 15 U.S.C. § 1666 (relating to "Correction of billing errors"); *see also* Fed. R. Civ. P. 1, 8(e).

civil action in which the amount in controversy does not exceed $15,000, . . . a party may not demand a jury trial pursuant to the Maryland Rules."), or Article 5 of the Maryland Declaration of Rights.  *See* Dist. Ct. Docket, *Johnson v. Citibank, N.A.*, No. 050200198202014 (Md. Dist. Ct. P.G. Cnty. filed Aug. 22, 2014), *available at* http://casesearch.courts.state.md.us/inquiry/ inquiryDetail.jis?caseId=050200198202014&detailLoc=DSCIVIL (last visited Dec. 5, 2014).

On September 16, 2014, Johnson then filed a Second Amended Complaint in Prince George's County district court that consisted only of a Civil Cover Sheet incorporating the First Amended Complaint by reference and sought to "increas[e] and/or correct[] AD DAMNUM," to $30,000 "and DEMAND[] JURY TRIAL."  2d Am. Compl., ECF No. 7.[3]  The District Court Docket reflects that the case was sent to the Circuit Court for Prince George's County on September 17, 2014 and the circuit court accepted jurisdiction over it the next day, September 18, 2014.  Cir. Ct. Docket, *Johnson v. Citibank N.A.*, No. CAL14-25579 (Cir. Ct. P.G. Cnty. filed    Sept.    18,    2014),    *available    at*    http://casesearch.courts.state.md.us/ inquiry/inquiryDetail.jis?caseId=CAL1425579&detailLoc=PGV (last visited Dec. 5, 2014). However, Citibank has claimed in its briefs (though not in an affidavit, declaration, or other sworn statement under 28 U.S.C. § 1746) that its counsel contacted the clerk of the circuit court on September 23, 2014 and "was advised that the file remained with the District Court,"

---

[3] It appears from the nature of Johnson's pleadings and other filings that he either has legal training or that he has had the assistance of an attorney in drafting his filings.  Although this Court has yet to expressly forbid this practice, at least one other court in this circuit has done so. *See Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1077 (E.D. Va. 1997) ("the Court considers it improper for lawyers to draft or assist in drafting complaints or other documents submitted to the court on behalf of litigants designated as *pro se*").  Because this case will be remanded to state court, I lack authority to require Johnson to disclose the nature of any assistance he has received.

following which Citibank's counsel was able to obtain some case documents from the clerk of the district court.  Def.'s Remand Opp'n 2.

On September 25, 2014, Citibank filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, on the grounds that Johnson's FCBA claim presented a federal question under 28 USC § 1331.  Notice of Removal.  Citibank served a copy of the Notice of Removal on Johnson as required by 28 U.S.C. § 1446(d), Notice of Removal 4, and filed a copy of the Notice of Removal in the District Court for Prince George's County on September 25, 2014, which was accepted by the clerk of that court, Notice of Removal to the U.S. D. Ct. for D. Md., S. Division Under 28 U.S.C. §§ 1331, 1441, and 1446, at 1, Def.'s Remand Opp'n Ex. 2, ECF No. 19-2.  However, Citibank never filed a copy of the Notice of Removal in the Circuit Court for Prince George's County.[4]  On September 30, 2014, the clerk of the Circuit Court for Prince George's County sent out the letter required by Md. Rule 2-326(a) advising Citibank that the case had been transferred to the circuit court as of September 18, 2014.  Letter from Marilynn M. Bland, Clerk of the Circuit Court to Citibank (Sept. 30, 2014), Pl.'s Mot. to Remand Ex. B, ECF No. 16-3; *see also* Cir. Ct. Docket.

---

[4] It is relevant that in Maryland, circuit courts and district courts are distinct entities, distinguished in the Maryland Constitution, *see* Md. Const. art. IV, § 1 ("The Judicial power of this State is vested in a Court of Appeals, such intermediate courts of appeal as the General Assembly may create by law, Circuit Courts, Orphans' Courts, and a District Court.") and pts. III (providing for circuit courts) and VI (providing for district courts).  Each district court and each circuit court has its own clerk.  *See id.* art. IV §§ 25 (providing for an elected Clerk of the Circuit Court in each county), 41F (providing for an appointed Chief Clerk of Court in each district court).  The Maryland rules provide that "[t]he filing of pleadings and other items with the court shall be made by filing them with the clerk of the court," Md. Rule 1-322(a), and in relevant part, define Clerk as, "under the circumstances, . . . the clerk or a deputy clerk of the court . . . in which the particular action or proceeding has been filed or properly could be filed," Md. Rule 1-202(f).  Accordingly, filing a document with the clerk of the district court is not the same as filing it with the clerk of the circuit court.

On September 30, 2014, Johnson filed a third amended complaint[5] in circuit court, setting forth ten counts for: (I) "Breach of Agreement"; (II) defamation; (III) libel; (IV) "Invasion of Privacy by Intrusion upon Seclusion"; (V) "Breach of Statutory Duty"; (VI) breach of duty of care; (VII) "Breach of Agreement"; (VIII) negligence; (IX) "Unfair and Deceptive Trade Practice"; and (X) intentional infliction of emotional distress.   3d Am. Compl., Pl.'s Mot. to Remand Ex. C, ECF No. 16-4.   Conspicuously missing from the Third Amended Complaint are any claims arising under federal law.

On October 2, 2014, Citibank filed a Motion to Dismiss Plaintiff's Second Amended Complaint ("Def.'s Mot. to Dismiss"), ECF No. 13, in this Court pursuant to Fed. R. Civ. P. 12(b)(6).   Johnson responded on October 6, 2014 with a Motion to Strike Defendant's Notice of Removal, or in the Alternative, to Remand Case ("Pl.'s Mot. to Remand"), ECF No. 16, and supporting Memorandum ("Pl.'s Remand Mem."), ECF No. 16-1, and a Motion for Enlargement of Time ("Pl.'s Mot. to Extend"), ECF No. 15, seeking to delay his response to the motion to dismiss until his motion to remand is resolved.   That same day, he filed a Fourth Amended Complaint in the circuit court, which added a claim for "Violation of Maryland Equal Credit Opportunity Act" but otherwise appears similar to the Third Amended Complaint.   4th Am. Compl., Def.'s Remand Opp'n Ex. 3, ECF No. 19-3.[6]   Johnson amended his complaint a fifth

---

[5] Johnson appears to have disregarded his Second Amended Complaint in titling his subsequent filings, as the third amended complaint has been labeled the "Second Amended Complaint," the fourth amended complaint labeled "Third Amended Complaint," and so forth.   For consistency and clarity, I will disregard the titles used by Johnson and refer to the complaints based on the actual sequence of filings.

[6] Although the parties have filed several of Johnson's amended pleadings as exhibits to their filings in this Court, no party has attached the comparison copy required by Md. Rule 2-341(e), making it difficult to discern whether there are minor differences from one complaint to another.

time (captioned "Fourth Amended Complaint") on October 10, 2014, with a complaint that sets forth the same counts as the Fourth Amended Complaint and seeks $50,000 in monetary damages. 5th Am. Compl., Pl.'s Remand Reply Ex. 1, ECF No. 21-1. The Circuit Court Docket reflects that on October 28, 2014, Citibank filed a Motion to Stay Proceedings and Extend Time Within Which Citibank Must File a Response to Plaintiff's Fourth Amended Complaint in Light of Notice of Removal Filed September 25, 2014 ("Def.'s Mot. to Stay State Proceedings") in the circuit court. Cir. Ct. Docket. The circuit court granted the motion over Johnson's opposition on November 24, 2014. *Id.*

Citibank has filed an opposition to the Motion to Remand ("Def.'s Remand Opp'n"), ECF No. 18, and Johnson has replied ("Pl.'s Remand Reply"), ECF No. 21. Citibank also has filed a response to the Motion to Extend consenting to an extension in principle but seeking more stringent conditions than Johnson had requested. Def.'s Extend Resp., ECF No. 18. Both motions are ripe and now are before me. Having reviewed the filings, a hearing is not required. Loc. R. 105.6.

## II.    STANDARD OF REVIEW

A motion to remand raises both jurisdictional and procedural issues. Pursuant to 28 U.S.C. § 1331, federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." When a plaintiff files such an action in state court, the action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal to federal court does not provide an independent basis for jurisdiction, but merely is a means to bring before a federal court a case

within its original jurisdiction.  14B Charles Alan Wright, et al., *Federal Practice & Procedure:*

*Jurisdiction & Related Matters* § 3721.

Title 28 U.S.C. § 1446, which outlines the procedures for the removal of civil actions,

provides in relevant part:

> **(a) Generally.**—A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
> **(b) Requirements; generally.**—(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> . . . .
> (3) . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
> . . . .
> **(d) Notice to adverse parties and State court.**—Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446.

Where a case has not been removed properly, 28 U.S.C. § 1447(c) sets forth conditions

for a motion to remand it to state court:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Whether removal is proper must "be determined according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).

## III.   DISCUSSION

### A.  Motion to Remand

Johnson asks me to remand this case to state court on the grounds that Citibank never properly effected removal.  According to Johnson, once he had filed his jury demand and the case was transferred from district court to circuit court on September 18, 2014, there was no civil action pending in district court for Citibank to remove on September 25, 2014.  *See* Pl.'s Remand Mem. 5.  Further, Johnson argues that this case does not present a federal question, *id.* at 6–9, and that even if there are federal claims presented, that they should be severed and the remaining state claims remanded pursuant to 28 U.S.C. § 1441(c), *id.* at 10–11.  Johnson seeks not only remand, but also costs and expenses incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).  *Id.* at 12–14.

Citibank has responded—without citing any case law to support its position, *cf.* Loc. R. 105.1 (requiring a motion to include "the reasoning and authorities in support of it")—by asserting that the case had not been transferred to the circuit court until September 29, 2014 and, therefore, that the Notice of Removal properly was filed and notice timely provided to the district court as required by 28 U.S.C. § 1446(d).  Def.'s Remand Opp'n 1–3.  Citibank also argues that federal jurisdiction lies because of Johnson's FCBA claim and, under this court's supplemental jurisdiction, 28 U.S.C. § 1367, over all of his state law claims, and that the Third and Fourth Amended Complaints should be struck as improper under the Maryland Rules.  *Id.* at 3–6.

The parties' briefing belies the complicated tangle of procedural questions raised by this case, which brings together obscure questions of state procedural law, the proper construction of the federal removal statutes, and the convoluted timeline in this case involving simultaneous and overlapping filings in three different courts.  To resolve the Motion to Remand, I must address several subordinate issues in turn:  First, I must determine when, if ever, jurisdiction transferred from the district court to the circuit court as a result of Johnson's jury demand and, assuming that jurisdiction was transferred before the Notice of Removal was filed, whether it rendered the Notice of Removal filed in this Court a nullity.  But even if the initial Notice of Removal was effective, I also must determine whether Citibank properly consummated the removal by providing written notice to the district court only, or whether notice to the circuit court was necessary and, if so, whether it ever was provided.  Then—once I have determined when, if ever, removal became effective—I must determine which of Johnson's six complaints is the operative one for the purpose of the instant motion to remand and whether it provides a valid basis for subject matter jurisdiction.  Each of these questions arises only rarely, and their precise juxtaposition here is difficult to imagine in any other than this precise factual scenario, in which a fast-moving plaintiff—aggressively seeking to avoid litigating in federal court—has taken advantage of his initiative, the liberal provisions for amendment of pleadings in Md. Rule 2-341(a), and the vagaries of state and federal procedure to try to dodge the efforts of opposing counsel to remove this case to federal court.  Although there is little case law that addresses this unusual set of facts, there is a body of state and federal law that provides clear insight into how best to resolve each of these subordinate questions.

First, as a matter of Maryland law, it is apparent that jurisdiction over this case transferred from district to circuit court immediately upon the filing of Johnson's jury demand.

Maryland Code Ann., Cts. & Jud. Proc. § 4-402(e)(2) provides that "if a party is entitled to and files a timely demand . . . for a jury trial, jurisdiction is transferred *forthwith* and the record of the proceeding shall be transmitted to the appropriate court."   Cts. & Jud. Proc. § 4-402(e)(2) (emphasis added), and the Court of Appeals has explained that "the demand itself divests the District Court of jurisdiction as a matter of law and *immediately* vests jurisdiction in the circuit court," *Vogel v. Grant*, 481 A.2d 186, 189 (Md. 1984) (emphasis added).   Although the district court may take up to fifteen days to transfer the record to the circuit court, Md. Rule 3-325(c), the transfer of the file is a mere "clerical function" having no effect on the moment at which jurisdiction passed from the district to the circuit court, *Vogel*, 481 A.2d at 191.   Retaining the case file does not allow the district court to retain jurisdiction, but only gives it a brief period in which it may strike the jury demand if it is untimely (but not if it otherwise is deficient), *see Pickett v. Sears, Roebuck & Co.*, 775 A.2d 1218, 1233 (Md. 2001).[7]

Citibank resists this conclusion on the grounds that "it was the understanding of [Citibank's counsel] that the Court File had not yet been transferred to the Circuit Court."   Def.'s Remand Opp'n 3.   *But see* Pl.'s Remand Reply 2 (disputing Citibank's assertion that the file was not transferred immediately).   Though it does not expressly cite it, this argument appears to rely on Maryland Rule 3-325(c), which provides that

---

[7] In fact, the Court of Appeals has noted that "Rule 3-325(c) makes no provision for the District Court to evaluate the 'amount in controversy' prong of the jury trial demand," *Pickett*, 775 A.2d at 1233; *see also Gregory W. Dallas, P.C. v. Envtl. Health Assocs., Ltd.*, 550 A.2d 422, 425 (Md. Ct. Spec. App. 1988) ("the only basis upon which the court could have stricken the jury trial demand was its untimeliness"), so that it may be that jurisdiction transferred to the circuit court—albeit improperly—as early as September 4, 2014, when Johnson filed his first defective jury demand, *see* Dist. Ct. Docket.   There is no need to address this issue here, however, because it has not been raised by the parties and would not affect my ruling in any event.

[w]hen a timely demand for jury trial is filed, the clerk shall transmit the record to the circuit court within 15 days.   At any time before the record is transmitted pursuant to this section, the District Court may determine, on motion or on its own initiative, that the demand for jury trial was not timely filed or that the action is not triable of right by a jury.

Md. Rule 3-325(c).   But Rule 3-325 simply provides a timeline for carrying out a nondiscretionary "clerical function" and does not preserve district court jurisdiction over a case in which a jury demand has been filed.   In this case, it appears that Citibank (through no want of diligence on the part of its counsel) was left in a state of limbo in which the circuit court had jurisdiction over this case but the district court retained custody of the physical case file, leading Citibank to believe (not unreasonably) that it was unable to remove the case to federal court for a brief period.   Though unfortunate, this does not call into question the clearly established proposition that jurisdiction transferred on September 17, 2014, when the jury demand was docketed in the district court so that, when Citibank filed its Notice of Removal in this Court, this case was pending in the Circuit Court for Prince George's County even if the clerical staff of those courts had not yet caught up.

But regardless of where jurisdiction lay as a matter of state law, it does not follow that the nature of this case fundamentally changed when it was transferred from the district to the circuit court.   Rather, the real question is whether there is a difference between the district court case *Johnson v. Citibank, N.A.* and the circuit court case *Johnson v. Citibank, N.A.* for the purposes of §§ 1441 and 1446; state procedural law may be informative, but cannot be decisive on this issue. *See Chi., Rock Island & Pac. R.R. Co. v. Stude*, 346 U.S. 574, 581 (1954) ("For the purpose of removal, the federal law determines who is plaintiff and who is defendant.   It is a question of the construction of the federal statute on removal, and not the state statute.   The latter's procedural provisions cannot control the privilege or removal granted by the federal statute.").   "[T]he

removal statutes and decisions of [the Supreme Court] are intended to have uniform nationwide application. 'Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts.'" *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972) (quoting *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 104 (1941)); *see also Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (5th Cir. 2013) ("Whether litigation is properly characterized as an independent civil action 'under § 1441 is essentially a matter of federal law.'" (internal citations omitted)). And 28 U.S.C. § 1441 allows for the removal of "any civil action" over which a United States district court may exercise jurisdiction. 28 U.S.C. § 1441(a).

Johnson relies on a line of cases in which a federal court found that, at the time of a purported removal, state proceedings had concluded, leading to a finding that there no longer was any "case to remove." *See MHM Sponsors Co. v. Permanent Mission of Pakistan to U.N.*, 672 F. Supp. 752, 753 (S.D.N.Y. 1987) ("Fundamental to the right of removal is the requirement that there be a case to remove."). But these cases are factually distinct from this one: in *MHM Sponsors*, for example, the state-court case had been dismissed and no longer was pending, so that the Southern District of New York found that what was couched as a removal actually was seeking federal review of a final state-court action. *Id.* This holding simply recognized the reality that once a case has been resolved by a state court, "there [is] no case or controversy for the federal court to resolve." *Brown v. Dist. Dir.*, No. 01-D-1625, 2002 WL 1760847, at *4 (D. Colo. July 15, 2001). In contrast, the controversy between Johnson and Citibank remains pending and, from a review of the dockets, there has not been *any* substantive action from a state court—much less a dispositive resolution of the case.

There also is no doubt that the case was pending within this district and division and was removable to this Court, distinguishing it from cases such as *Tanzman v. Midwest Express Airlines, Inc.*, 916 F. Supp. 1013 (S.D. Cal. 1996), in which state procedural vagaries led a court to conclude that no case was pending within its jurisdiction at the time of a purported removal. In *Tanzman*, the plaintiff had filed his complaint in state court in San Mateo County, within the Northern District of California, *see* 28 U.S.C. § 84(a), and the case then was transferred to San Diego County, within the Southern District of California, 28 U.S.C. § 84(d); the plaintiff promptly sought to remove to the Southern District of California. *See Tanzman*, 916 F. Supp. at 1014. But the California Civil Procedure Code provided that "a case subject to transfer shall not in fact be transferred" until the twenty-day period to file an appeal of the transfer had expired, *id.* at 1015–16 (citing Cal. Civ. Proc. Code §§ 399, 400), so when the notice of removal was filed in the U.S. District Court for the Southern District of California, there was not yet any case pending within that district. *Id.* at 1017. *But cf. Peterson v. BMI Refractories*, 124 F.3d 1386, 1391–93 (11th Cir. 1997) (holding that the "district and division" requirement was a venue provision, not a jurisdictional one, and could be waived by failure timely to move to remand). In this case, although jurisdiction transferred from the district court to the circuit court immediately upon the filing of Johnson's jury demand, *Pickett*, 775 A.2d at 1232, the case between Johnson and Citibank remained pending in Prince George's County and was removable the Southern Division of the District of Maryland. At all relevant times, there was a "case to remove."

In arguing that the transfer of the case from the district court prevented removal, Johnson, in essence, relies on the now-defunct doctrine of "derivative jurisdiction," which "arises from the theory that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated." *Palmer v. City Nat'l Bank, of W. Va.*, 498 F.3d 236,

244 (4th Cir. 2007). Enunciated by the Supreme Court in 1922, *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922), the doctrine was eliminated in 1986 when Congress amended § 1441 by adding what is now § 1441(f), which in its current form provides that "[t]he court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f); *see also Palmer*, 498 F.3d at 245. The mere fact that, at the time the notice of removal was filed, the district court had lost jurisdiction over this case thus cannot prevent its removal to this Court. And neither § 1441 nor § 1446 appear in the first instance to turn at all on the matter of *which* state court a given case is pending in. All that is required is that it be pending in some state court located within the district and division of the federal court in which the a notice of removal is filed, accompanied by "a copy of all process, pleadings, and orders served upon [the] defendant or defendants in such action." 28 U.S.C. § 1446(a). Citibank fulfilled this requirement on September 25, 2014, when it filed its Notice of Removal in this Court with respect to a case that was pending in this division and district. For the purposes of § 1446(a), so long as Citibank filed a notice of removal with respect to a pending state case, Citibank complied with 28 U.S.C. § 1446(a).

Yet filing a notice of removal in this Court is not sufficient in itself to complete the removal of a case from state to federal court: section 1446(d) requires a removing defendant to serve notice on its adversaries and to "file a copy of the notice with the clerk of such State court, which shall effect the removal."

> Despite the seeming clarity of this statute, courts have adopted three rules regarding when removal is effected. Most courts hold that removal is effected by filing a copy of the notice of removal in state court. Some courts, including the United States District Court for the Eastern District of Arkansas, have held that removal is effected simply by filing the notice of removal in the federal court.

> Finally, a few courts have held that the state and federal courts have concurrent
> jurisdiction until the notice of removal is filed with the state court.

*Anthony v. Runyon*, 76 F.3d 210, 213–14 (8th Cir. 1996) (internal citations omitted).  Although it

has not discussed the matter at length, the Fourth Circuit appears to have adopted the majority

rule that a state court loses jurisdiction "immediately upon the filing of the petition [for removal]

in the federal count *and a copy in the state court*."  *South Carolina v. Moore*, 447 F.2d 1067,

1073 (4th Cir. 1971) (emphasis added); *see also Mann v. Edwards*, 37 F.R.D. 452, 453

(W.D.S.C. 1965) ("This Court acquired jurisdiction after a copy of the Petition for Removal and

Bond for Removal had been filed with the State Court . . . .").  A similar view has been adopted

by the Third, *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 69 (3d Cir. 1993), Fifth, *Stephens v.

Portal Boat Co.*, 781 F.2d 481, 482 n.1 (5th Cir. 1986) ("removal is not effective until notice is

given to the state court"), and Eighth Circuits, *Anthony*, 76 F.3d at 214, as well as numerous

federal district courts, *see, e.g.*, *Potomac Elec. Power Co. v. China Constr. Am. Inc.*, No. RJL-

09-111, 2009 WL 3163058, at *1 (D.D.C. Sept. 29, 2009).

This view also appears to comport with the text of § 1446(d), which provides that

"defendants shall give written notice [of removal] to all adverse parties and shall file a copy of

the notice with the clerk of such State court, *which shall then effect the removal*."  28 U.S.C.

§ 1446(d).  And, as Wright & Miller have observed, "it seems unfair to hold that a state court can

be stripped of its jurisdiction even though it has not received notice of removal."  14C Charles

Alan Wright et al., *Federal Practice & Procedure: Jurisdiction & Related Matters* § 3736.  I am

unable to find a recent case from any federal court that takes a contrary view and Citibank has

cited to none.  So although Citibank timely filed its Notice of Removal in this Court within thirty

days of being served with state-court process, Notice of Removal ¶ 2, and immediately served a

copy of the Notice of Removal on Johnson, *id.* at 4, removal was not effected until and unless Citibank "[p]romptly . . . file[d] a copy of the notice with the clerk of such State court" as required by § 1446(d).

Both parties agree that Citibank filed a copy of the notice of removal in the district court on September 25, 2014—several days after Johnson filed his jury demand—but never filed a copy in the circuit court.  Notice to District Court, Def.'s Opp'n Ex. 2, ECF No. 19-2; Pl.'s Mot. to Remand 4.  Because on September 25 the case was pending before the circuit court, and not the district court, Citibank did not strictly comply with the requirements of § 1446(d).  *See Jones v. Cargill Nutrena Feed Div.*, 665 F. Supp. 907, 908 (S.D. Ala. 1987) (finding removal had not been effected when notice of removal was filed in wrong state court).  However, "failure of notice to the state court is a procedural defect that does not defeat federal jurisdiction, even though a federal court might be justified in granting a timely motion to remand under 28 U.S.C. § 1447 on the grounds of such a defect." *Peterson*, 124 F.3d at 1395.

Several courts have found substantial compliance with § 1446(d) where a state court has actual notice of the removal notwithstanding a defendant's failure properly to file notice of removal.  *See, e.g.*, *id.* at 1394 (defendant's failure to provide notice to state court was obviated by plaintiff's letters to state court advising that case had been removed); *Echevarria, v. Silberglitt*, 441 F.2d 225, 227 (2d Cir. 1971) (finding substantial compliance where petition for removal was handed directly to judge instead of filed with clerk); *Parker v. Malone*, Nos. 7:03CV00742, 7:03CV00743, 7:03CV00744, 2004 WL 190430, at *2 (W.D. Va. Jan. 15, 2004) (constructive notice was provided when federal court contacted state court clerk seeking case file even though defendant never filed notice of removal with state court clerk); *cf. Medrano v. Texas*, 580 F.2d 803 (5th Cir. 1978) (finding removal was not proper where "neither constructive

16

nor actual notice" was provided to state court).  Though the Fourth Circuit has not expressly

joined these courts, it appears to agree with the logic that because

> the purpose of the requirement that a copy of the removal petition be filed with
> the state court is to give that court notice of the removal so that it can stay its
> proceedings and thereby avoid duplicitous and possibly inconsistent results in the
> same case, . . . that purpose had been achieved where the state court had actual
> notice of the removal.

*Delavigne v. Delavigne*, 530 F.2d 598, 601 n.5 (4th Cir. 1976) (citing with approval *United*

*States ex rel. Echevarria*, 441 F.2d at 227).  *But see, e.g.*, *Dukes v. S.C. Ins. Co.*, 770 F.2d 545,

547 (4th Cir. 1985) (finding removal valid on assumption that, where plaintiffs' counsel was

aware of removal, they complied with their obligations of candor to state court and advised the

court of removal before seeking default judgment).  Although Citibank promptly provided notice

of removal to the district court, it did so after jurisdiction transferred to the circuit court and the

Circuit Court Docket does not reflect that the notice ever was filed in that court.  In fact, the

record does not show that the circuit court was made aware of the removal until October 28,

2014, when Citibank filed its Motion to Stay State Proceedings over a month after the Notice of

Removal was filed in this Court and over two weeks after Johnson filed his Fifth Amended

Complaint.  Cir. Ct. Docket.  Removal was effected on that date.

The delay between filing the Notice of Removal in this Court and providing notice to the

circuit court is crucial because the validity of a removal must "be determined according to the

plaintiffs' pleading at the time of the petition for removal," *Pullman Co. v. Jenkins*, 305 U.S.

534, 537 (1939).  Were removal complete on September 24, 2014, there is no question that

Johnson's FCBA claim would provide a basis for federal jurisdiction under 28 U.S.C. §§ 1331

and 1367.  But Johnson has filed three amended complaints in circuit court since that date, all of

which appear to have been accepted by the circuit court under Maryland's liberal rules for

amendment of pleadings.  *Compare* Md. Rule 2-341(a) ("A party may file an amendment to a pleading without leave of court by the date set forth in a scheduling order or, if there is no scheduling order, no later than 30 days before a scheduled trial date."), *with* Fed. R. Civ. P. 15(a) (allowing for a single amendment as a matter of course, after which "a party may amend its pleading only with the opposing party's written consent or the court's leave").  It is, of course, concerning that Johnson appears to have amended his complaint for the sole purpose of avoiding federal jurisdiction, and were he seeking to amend his complaint in federal court, his apparent motivation might be a sufficient basis to deny leave to amend.  *See Faye v. High's of Balt.*, 541 F. Supp. 2d 752, 756 (D. Md. 2008).  But because the Circuit Court for Prince George's County had jurisdiction over this case when the amendments were filed and appears to have accepted them, I am bound by that decision even though Citibank now has completed the steps required by § 1446.

Citibank also asks me to strike the Third and Fourth Amended Complaints for failure to include a clear statement of the damages sought as required by Md. Rule 2-305.  Def.'s Opp'n 5.  First, assuming that this issue should not have been raised in state court before the amended complaints were accepted by that court, the formal requirements for pleadings under the Maryland rules do not apply once a case is removed to federal court, Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").  And in any event, Johnson later filed his Fifth Amended Complaint specifying damages, remedying the shortcomings claimed by Citibank.  Thus the Fifth Amended Complaint was the operative complaint at the time of removal and it contains no federal law claims and, as conceded by Citibank, no basis for jurisdiction under 28 U.S.C. § 1331.  Def.'s Remand Opp'n 5.

As a last resort, Citibank argues that though it "recognizes that federal jurisdiction may no longer exist, however, diversity jurisdiction may exist." Def.'s Remand Opp'n 5. First, the speculation that the Court cannot rule out the possibility of jurisdiction under § 1332 plainly is not a sufficient foundation on which to rest jurisdiction—particularly when the Notice of Removal did not list § 1332 as a basis for jurisdiction. *See* 28 U.S.C. § 1446(a) (requiring a notice of removal to state "the grounds for removal"). But in any event, this argument would appear to be foreclosed by Johnson's Fifth Amended Complaint, which seeks only $50,000 in damages. *See* 28 U.S.C. § 1332(a) (providing diversity jurisdiction only "where the matter in controversy exceeds the sum or value of $75,000"); *see also St. Paul Mercury Indm. Co. v. Red Cab Co.*, 303 U.S. 283, 201 (1938) ("the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal").

In summary, under Maryland law, jurisdiction transferred from the District Court for Prince George's County to the Circuit Court for Prince George's County on September 17, 2014, when Johnson filed his jury demand. This did not prevent Citibank from removing the case for federal purposes, but § 1446(d) required Citibank to give notice to the court in which the case then was pending—that is, the Circuit Court for Prince George's County—before removal was completed and the case removed to this Court. Citibank did not do so, and the record does not reflect that the circuit court was notified of the removal before October 28, 2014, when Citibank filed its Motion to Stay State Proceedings. By that point, Johnson had amended his complaint several times and, based upon the operative Fifth Amended Complaint, there no longer was any basis for original jurisdiction in a United States District Court. Accordingly, this case no longer is one "of which the district courts of the United States have original jurisdiction," 28 U.S.C.

§ 1441(a), and it therefore must be remanded to state court and Johnson's motion to remand granted.

### B. Request for Fees

Johnson seeks not only remand, but also an award of costs and expenses as permitted by 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).[8] At the time Citibank initially sought to remove this case, Johnson's FCBA claim provided an objectively reasonable basis for removal. Although remand is proper, in part, because of Citibank's failure to complete the steps set forth in § 1446(d) ahead of Johnson's serial amendments seeking to strip federal claims from his complaint, it is Johnson's actions rather than Citibank's action or inaction that defeated Citibank's removal efforts. The record is not sufficiently developed to determine whether Johnson's amendments were filed in bad faith, but this also is not a case in which his initial inclusion of a federal claim was a mere error. *Cf. Ramotnik v. Fisher*, 568 F. Supp. 2d 598, 603 (D. Md. 2008). At the very least, Johnson has skillfully taken advantage of procedural rules to gain a tactical advantage and frustrate Citibank's efforts to elect a federal form and, having

---

[8] Of course, Johnson has proceeded both in this court and in state court as an unrepresented litigant. If he incurred attorneys' fees by consulting with an attorney who did not enter an appearance on his behalf, that was a matter of personal choice entitling him to no relief under § 1447(c). "The principle that a *pro se* litigant who is not a lawyer is not entitled to attorneys fees authorized by a fee-shifting statute is not disputed." *Bond v. Blum*, 317 F.3d 385, 398–99 (4th Cir. 2003). But insofar as *Martin* discussed attorney's fees as one of the "costs and any actual expenses" allowed under § 1447(c), it applies with equal force to any other costs incurred by Johnson.

succeeded, he also wants to be reimbursed for his efforts.  Section § 1447(c) undoubtedly does not require this, and I see no reason to award fees here.  Johnson's request for fees will be denied

### C.  Remaining Motions

Citibank also has filed a Motion to Dismiss, and Johnson has filed a motion to extend his time to respond to the motion to dismiss in light of his motion to strike.  Because this case will be remanded to state court, both of these motions will be dismissed as moot.

### IV.    CONCLUSION

For the aforementioned reasons:

Plaintiff Joe Johnson's Motion to Strike the Defendant's Notice of Removal, or in the Alternative, to Remand Case, ECF No. 16, will be GRANTED insofar as it seeks remand otherwise will be DENIED;

Defendant Citibank, N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 13, will be DENIED as moot;

Plaintiff's Motion for Enlargement of Time, ECF No. 15, will be DENIED as moot; and

This case will be REMANDED to the Circuit Court for Prince George's County.

A separate order shall issue.

Dated: <u>December 5, 2014</u>                         <u>        /S/        </u>
                                                                  Paul W. Grimm
                                                                  United States District Judge

dsy